IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELYNE EDENS AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CALEB MICHAEL JOYNER, DECEASED<br><br>    Plaintiff,<br><br>v.<br><br>OLIGHT, OLIGHT WORLD USA, INC, BATTERIES PLUS HOLDING CORPORATION, OLIGHT TECHNOLOGY CO., LTD., ASCENT BATTERY SUPPLY, LLC., OLIGHT WORLD, MICA ELECTRONICS COMPANY LIMITED,<br><br>    Defendants. | No. 19-cv-5346<br><br>Honorable Charles R. Norgle<br>Magistrate Judge Honorable Sunil R. Harjani |

**DEFENDANT OLIGHT TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

**I.    INTRODUCTION**

Defendant Olight Technology Co., Ltd. ("Olight Tech") does not oppose Plaintiff's request for an extension of time (Dkt. 55) to respond to Olight Tech's motion to dismiss. (Dkt. 53.) Defendant Olight Tech opposes Plaintiff's request for jurisdictional discovery. *Id.*

In its motion, Plaintiff cites *Central States SE & SW Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) for the proposition that entitlement to jurisdictional discovery "distills down to whether the plaintiff has made a colorable showing that personal jurisdiction *might* exist over the defendant." (Dkt. 55 at 3-4). As is discussed below, Plaintiff has not made a colorable claim of personal jurisdiction. Moreover, under *Central States,* jurisdictional discovery is the exception, not the rule. *Id.* Further, Plaintiff fails to

1

demonstrate what type of discovery it seeks and how, if at all, such discovery would be relevant to the issue of personal jurisdiction.

## II.   LEGAL STANDARD

A plaintiff does not have an automatic right to jurisdictional discovery in every case. *Gilman Opco LLC v. Lanman Oil Co., Inc.*, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014). Rather, "it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000). The plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery is permitted. *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015). In other words, the plaintiff must advance "proof to a reasonable probability" of the facts necessary to establish personal jurisdiction. *Pentwater Equity Opps. Master Fund, Ltd. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.,* 2016 WL 6476541, at *1 (N.D. Ill. Nov. 2, 2016) (quoting *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir. 1996)) (internal quotation marks omitted). Courts generally will grant jurisdictional discovery only if the plaintiff "can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *Gilman Opco LLC*, 2014 WL 1284499, at *6 (citation and internal quotation marks omitted). "[C]ourts will not permit discovery based only upon bare, attenuated, or unsupported assertions of personal jurisdiction or when a plaintiff's claim appears to be clearly frivolous." *Id*. (citation and internal quotation marks omitted). Moreover, the Seventh Circuit has cautioned that "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Central States*, 230 F.3d at 946.

### III. PLAINTIFF HAS NOT MADE A COLORABLE SHOWING OF PERSONAL JURISDICTION

In its motion, Plaintiff incorrectly assumes that it has made a "colorable showing" of personal jurisdiction "through its allegation that the flashlight in question was sold on Amazon.com and Olight Technology Co., Ltd.'s failure to deny this in its supporting Declaration of Xiong Zho[u]." (Dkt. 55 at 4, ¶ 10).

#### A. The Complaint Does Not Allege that Olight Tech Sold the Flashlight at Issue on Amazon.com

This case involves a flashlight purchased outside of the State of Illinois by a non-resident of Illinois. (Dkt. 26, ¶ 3-4.) The Complaint alleges that Olight Tech is a Chinese corporation located in China. *Id.* ¶ 8. The Complaint does not allege that Olight Tech has any facilities or employees in the U.S. The Complaint alleges only that "the Olight flashlight was sold online by Amazon.com and other online retailers." *Id.* ¶ 15. The Complaint, however, does not allege that Olight Tech sold the flashlight at issue on Amazon.com or through any other retailers.

There is no merit to Plaintiff's argument that the Zho declaration "does not dispute that [Olight Tech] sells the flashlight in question on Amazon.com." There was nothing for Mr. Zhou to dispute because the Complaint does not allege that Olight Tech sells the flashlight in question on Amazon.com. As to Olight Tech's suit-related conduct in connection with this Court, Mr. Zhou's declaration clearly stated that "Olight Tech does not sell the T20 flashlight at issue at Amazon.com to any Illinois resident." (Dkt. 53-1, ¶ 9.)

Moreover, the Complaint does not even allege that Plaintiff's decedent purchased the flashlight at issue from Amazon.com or any other online retailers. In fact, the Complaint does not allege how Plaintiff's decedent acquired the flashlight at issue.

3

### B.  As a Matter of Law, Internet Sales do not Establish a Colorable Showing of Personal Jurisdiction

The second flaw in Plaintiff's argument is its incorrect assumption that Internet sales "on Amazon.com" would establish a colorable showing of personal jurisdiction. (*See* Dkt. 55 at 4, ¶ 10.)  This proposition has been squarely rejected by the Seventh Circuit.  *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 802-03 (7th Cir. 2014) ("the operation of an interactive website does not show that the *defendant* has formed a contact with the forum state") (emphasis in original).  Significantly, in this case, Plaintiff does not even allege that Olight Tech operated Amazon.com or any of the other online websites.  Thus, the allegations in this case are even more remote than the allegations in *Advanced Technical* that the Seventh Circuit found insufficient to establish personal jurisdiction.

### C.  Discovery Would Not Reveal Evidence Relevant to Personal Jurisdiction

Plaintiff's motion fails to specify the "jurisdictional discovery" and has not even attempted to demonstrate how the jurisdictional discovery would be relevant to the issue of personal jurisdiction.  Plaintiff's motion states that Plaintiff seeks "additional information" from Olight Tech. but does not identify what type of information it seeks or why it would be relevant.

## IV.  CONCLUSION

As set forth above, Olight Tech does not object to an extension of time for Plaintiff to respond to Olight Tech's motion to dismiss.

For the reasons discussed above, Olight Tech objects to jurisdictional discovery, and respectfully submits that Plaintiff has failed to demonstrate that it would be entitled to jurisdictional discovery on this record.  For the reasons set forth above, Olight Tech respectfully submits that Plaintiff's motion for jurisdictional discovery should be denied at this juncture, and Plaintiff should be given a date to respond to Olight Tech's motion to dismiss.

| | |
|---|---|
| Dated: September 17, 2020 | Respectfully submitted,<br><br>By /s/ Eric C. Cohen<br>Eric C. Cohen<br>Ill. ARDC No. 0473685<br>Rimon P.C.<br>980 N. Michigan Ave., Suite 1400<br>Chicago, IL 60611<br>Phone (984) 960-2860<br>Eric.cohen@rimonlaw.com<br><br>Jason Liang Xu (admitted)<br>DC Bar No. 980531<br>1717 K Street NW, Suite 900<br>Washington, D.C. 20006<br>Telephone/Facsimile: (202) 470-2141<br>jason.xu@rimonlaw.com<br><br>*Counsel for Defendant Olight Technology Co., Ltd.* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 17, 2020.

/s/     Eric C. Cohen
Eric C. Cohen
